IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Monica Shannon St. Denis, ) | |
| ) | Civil Action No. 8:12-cv-01669-TMC |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| OneMain Financial, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant OneMain Financial, Inc.'s[1] (OneMain) motion to dismiss and to compel arbitration. (Dkt. No. 11.) In its motion, OneMain argues that, pursuant to her employment agreement, the plaintiff, Monica Shannon St. Denis (St. Denis), agreed to submit all disputes regarding her employment to binding arbitration. St. Denis opposes OneMain's motion on the grounds that her claim falls under an exclusion in OneMain's arbitration policy for "disputes which by statute are not arbitrable." (Dkt. No. 12.) OneMain responded to St. Denis's opposition motion, again asserting that St. Denis's claim falls within the scope of the arbitration agreement and is not subject to an exclusion. (Dkt. No. 16.) Both parties argued their motions before the court on December 5, 2012.

I. Background

St. Denis began working for OneMain[2] in July 1996. Multiple times during her employment, St. Denis signed or acknowledged receipt of employee handbooks containing an employment arbitration policy. The employment arbitration policy

> makes arbitration the required and exclusive forum for the resolution of all disputes (other than disputes which by statute are not arbitrable) arising out of or in any way related to employment based on legally protected rights (i.e. statutory,

---

[1] Formerly known as CitiFinancial, Inc.

> regulatory, contractual, or common law rights) that may arise between an employee or former employee and Citi, its predecessors, successors, and assigns, its current and former parents, subsidiaries, and affiliates, and its current and former officers, directors, employees, and agents (and that aren't resolved by the Internal Dispute Resolution Procedure) including, without limitation, claims, demands, or actions under . . . any federal, state, or local statute, regulation or common law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, . . . [or] retaliation . . . .

Defendant's Motion to Dismiss and to Compel Arbitration, Exhibit D, Appendix A: The Employment Arbitration Policy, p. 48 (Dkt. No. 11-4).

While employed by OneMain, St. Denis incurred an on the job injury and filed a workers compensation claim. St. Denis alleges that immediately after filing her claim she began to suffer harassment at work, ultimately leading to wrongful termination.

St. Denis brought this action pursuant to South Carolina Code § 41-1-80, addressing the prohibition against retaliation based upon an employee's institution of, or participation in, proceedings under workers compensation law. *See* S.C. Code Ann. § 41-1-80 (1976). That section states that "[a]ny employer who violates any provision of this section is liable in a civil action" for damages. *Id.* St. Denis argues that this sentence brings her case under the employment arbitration policy's exclusion for disputes which by statute are not arbitrable.

## II. Legal Standard

The Federal Arbitration Act (FAA) provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. In the Fourth Circuit, to compel arbitration under the FAA, a litigant must establish "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign

commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002).

A district court has the power to decide if a dispute is arbitrable. *See AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651 (1986). But, the court's inquiry is limited to two determinations: (1) whether the arbitration agreement is valid and (2) whether the dispute falls within the scope of the arbitration agreement. *See Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). In a questionable case, a court should compel arbitration "unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

The Fourth Circuit Court of Appeals has clarified that "[t]he federal policy favoring the effective and efficient resolution of disputes through arbitration applies with equal strength to claims created by contract or by statute." *O'Neil v. Hilton Head Hosp.*, 115 F. 3d 272, 274 (4th Cir. 1997). "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler ChryslerPlymouth, Inc.*, 473 U.S. 614, 628 (1985)).

The FAA requires a district court, upon motion, to stay judicial proceedings involving disputes covered by an arbitration agreement. 9 U.S.C. § 3. However, when the arbitration agreement covers all of the issues presented in a suit, a court may properly dismiss the case. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (2001).

III. Analysis

The parties do not dispute the validity of the arbitration agreement or the transaction's relationship to interstate commerce, as defined under the FAA. The only issue to resolve is whether St. Denis's § 41-1-80 claim falls within the scope of the employment arbitration agreement or whether it is excluded by the agreement's "other than disputes which by statute are not arbitrable" language. The court finds that St. Denis's claim falls squarely under the arbitration agreement.

The arbitration agreement that St. Denis bound herself to specifically covers "claims . . . or actions under . . . any . . . state . . . statute . . . regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, . . . [or] retaliation." Section 41-1-80 is a state statute regarding the termination of employment and retaliation.

Section 41-1-80 does provide for civil liability, but it does not make actions under that section not arbitrable. Nothing in § 41-1-80 suggests that a judicial action is the exclusive remedy for those harmed under its provisions. The statute creates St. Denis's cause of action, but the arbitration agreement dictates the exclusive forum in which she can resolve that cause of action. By submitting her § 41-1-80 claim to arbitration, St. Denis is not giving up any of the substantive rights afforded by the statute; she is merely taking those rights to an efficient and effective forum for dispute resolution.

Additionally, because St. Denis's § 41-1-80 claim makes up the entirety of her complaint, all of the issues presented in this case are subject to the arbitration agreement.

IV. Conclusion

Accordingly, OneMain's motion to dismiss action and to compel arbitration (Dkt. No. 11) is GRANTED.  St. Denis's complaint is dismissed and the parties are ordered to submit the claim to arbitration in accordance with the employment arbitration agreement.

IT IS SO ORDERED.

s/ Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
December 6, 2012